IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn David Goldsmith, ) | C/A No.: 8:07-1773-JFA-BHH |
| ) | |
| Plaintiff, ) | |
| vs. ) | O R D E R |
| ) | |
| Jeanie Rutlege, Medical Supervisor, Perry ) | |
| Medical Center; Jon Ozmint, Director of ) | |
| SCDC; and D. Willis, Dental Assistant, Perry ) | |
| Medical Center, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Shawn David Goldsmith, was an inmate at the Perry Correctional Institution in South Carolina during the time of the matters alleged in his complaint. He initiated this action pursuant to 42 U.S.C. § 1983 contending the defendants failed to give him proper medical and dental attention after he had a fall at the Institution.

The defendants filed a motion for summary judgment on September 17, 2007. The plaintiff was advised, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter-affidavits could result in dismissal of the complaint. The plaintiff did not respond.

The Magistrate Judge then entered another order on October 30, 2007, allowing the plaintiff an additional 15 days to advise the court whether he wished to continue to prosecute

1

2

this action. As of the date of this order, the plaintiff has yet to respond.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on December 3, 2007. However, the plaintiff did not file any objections[2] to the Report within the time limits prescribed.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed for failure to prosecute under Rule 41(b).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

IT IS SO ORDERED.

                                                  Joseph F. Anderson, Jr.  
January 23, 2008                              United States District Judge  
Columbia, South Carolina